**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SHAKIRA LASISI,                          )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )        Civil Action No. 26-00812 (UNA)
                                         )
                                         )
WILLIAM MCKINNEY *et al*.,               )
                                         )
            Defendants.                  )

**<u>MEMORANDUM OPINION</u>**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP application and dismisses the complaint.

"This action arises from tortious conduct and violations of civil rights" that allegedly occurred "at or near" a McDonald's restaurant in the District's northwest quadrant.  Compl. ¶ 1, ECF No. 1. Plaintiff sues McDonald's Corporation, William McKinney, who is "believed to be an employee, agent, or individual associated with" the McDonald's restaurant, and unknown witnesses John Doe and Jane Doe.  *Id*. ¶ 2.  Allegedly, on August 29, 2025, Plaintiff suffered "burning sensations and irritation to the skin and lower extremities" when "a chemical agent was discharged toward Plaintiff" while "near the McDonald's restaurant[.]"  *Id*. ¶ 3. Plaintiff "subsequently sought medical treatment at MedStar Georgetown University Hospital."  *Id*. McKinney "falsely accused plaintiff of attempting to run him over with a vehicle" and "further alleged that plaintiff assaulted him by throwing or using a cup of soda."  *Id*.  McKinney "communicated" those accusations to "responding law enforcement officers," which led to Plaintiff's arrest and detention in D.C.'s "jail system for approximately 60 days."  *Id*.  Plaintiff's

claims are Count 1- Assault and Battery; Count II – False Accusation and Defamation; Count III – Negligence and Premises Liability.  *Id*. ¶ 5.  Plaintiff seeks $3 million in compensatory and punitive damages.  *Id*. ¶ 10.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a).  A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction or suffer dismissal of the case.  Fed. R. Civ. P. 8(a), 12(h)(3).

Plaintiff's three enumerated claims are based on D.C. common law, not federal law.  Nor does Plaintiff's mention of civil rights violations state a claim "arising under" the Constitution or federal law.  28 U.S.C. § 1331.  In addition, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff," *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphases in original), and the citizenship requirement must be "assessed at the time the suit is filed," *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  Therefore, the party asserting jurisdiction must plead "the citizenship of each and every party to the action."  *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006).  An "allegation of residence alone" does not suffice.  *Id*. (cleaned up).

Plaintiff has not pleaded each party's citizenship to proceed under the diversity statute nor established any other basis for federal court jurisdiction.  Therefore, this case will be dismissed by separate order.

_____/s/_____
CHRISTOPHER R. COOPER
Date:  May 7, 2026                                       United States District Judge

2